## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**QUINTEN M. MORAN**                                      **CIVIL ACTION**

**VERSUS**                                                         **NO.  14-1210**

**TIMMY DUCOTE**                                            **SECTION "G"(2)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred, or alternatively, dismissed without prejudice for failure to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Quinten M. Moran, is incarcerated in the Claiborne Parish Detention Center in Homer, Louisiana.[2]  On October 4, 2007, Moran was charged by bill of information in Jefferson Parish with one count of armed robbery and one count of attempted armed robbery.[3]  Moran entered a guilty plea to both counts on February 1, 2008, under a  plea agreement reached with the State.[4]  The state trial court sentenced him that day to serve twenty-five (25) years in prison at hard labor on each count to run concurrently and without benefit of parole, probation or suspension of sentence.[5]  Moran thereafter timely moved for leave to appeal, which the court granted.[6]

On appeal to the Louisiana Fifth Circuit Court of Appeal, Moran's appointed counsel asserted that the state trial court erred in failing properly to notify Moran of the

---

[2]Rec. Doc. No. 8.

[3]St. Rec. Vol. 1 of 3, Bill of Information, 10/4/07.

[4]St. Rec. Vol. 1 of 3, Plea Minutes, 2/1/08; Plea Transcript, 2/1/08; Defendant's Acknowledgment, 2/1/08.

[5]St. Rec. Vol. 1 of 3, Plea Transcript, pp. 11-12, 2/1/08; Plea Minutes, 2/1/08.

[6]St. Rec. Vol. 1 of 3, Motion for Appeal, 2/7/08 (dated 2/5/08); Trial Court Order, 2/21/08.

delays for seeking post-conviction relief.[7]  The Louisiana Fourth Circuit affirmed the conviction and sentence on November 12, 2008, finding no merit in the claim raised.[8]

Moran's conviction became final thirty (30) days later, on December 12, 2008, when he did not seek rehearing or review in the Louisiana Supreme Court.  Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

More than two years later, on January 20, 2011, Moran submitted to the state trial court a motion to correct his conviction and sentence asserting that his conviction and sentence were invalid because he was not charged by grand jury indictment.[9]  The state trial court construed the motion as an application for post-conviction relief and denied the motion on February 1, 2011, for seeking untimely relief under La. Code Crim. P. art. 930.8.[10]  Moran filed a notice of intent to seek review of this ruling, although no writ application was ever filed in the appellate court.[11]

---

[7]St. Rec. Vol. 2 of 3, Appeal Brief, 08-KA-462, 6/30/08.

[8]State v. Moran, 1 So. 3d 545 (La. App. 5th Cir. 2008); St. Rec. Vol. 2 of 3, 5th Cir. Opinion, 08-KA-462, 11/12/08.

[9]St. Rec. Vol. 1 of 3, Motion to Correct and Invalid Conviction and Sentence, 1/24/11 (dated 1/20/11).

[10]St. Rec. Vol. 1 of 3, Trial Court Order, 2/1/11.

[11]St. Rec. Vol. 1 of 3, Notice of Intent, 3/24/11; Trial Court Order, 4/5/11.

Nineteen (19) months later, on December 4, 2012, Moran submitted an application for post-conviction relief to the state trial court asserting the following grounds for relief:[12] (1) His guilty plea was not knowingly and voluntarily entered. (2) Counsel provided ineffective assistance when she failed to discuss the plea agreement with him before the plea and to investigate defenses, prepare for trial and interview witnesses. The state trial court denied relief on January 30, 2013, finding that the application was untimely filed under La. Code Crim. P. art. 930.8.[13]

Moran filed a motion with the Louisiana Fifth Circuit seeking an extension of time to file a writ application to review the state trial court's ruling.[14] The court granted him until March 28, 2013 to file his motion.[15] Moran submitted his application to the Louisiana Fifth Circuit on March 27, 2013.[16] He sought review of his ineffective assistance of counsel claims and asserted that he was unable timely to file his post-conviction application in the state trial court because of inadequate legal assistance in the

---

[12] St. Rec. Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 12/21/12 (dated 12/4/12).

[13] St. Rec. Vol. 1 of 3, Trial Court Order, 1/30/13.

[14] St. Rec. Vol. 3 of 3, Motion for Extension of Time, 13-KM-157, 2/26/13 (dated 2/21/13).

[15] St. Rec. Vol. 3 of 3, 5th Cir. Order, 13-KM-157, 2/26/13. Moran second motion for extension of time under 13-KH-179, was denied by the Louisiana Fifth Circuit as moot on April 10, 2013. St. Rec. Vol. 1 of 3, 5th Cir. Order, 13-KH-179, 4/10/13; St. Rec. Vol. 3 of 3, Motion for Extension of Time, 13-KH-179, 3/1/13 (dated 2/24/13).

[16] St. Rec. Vol. 3 of 3, 5th Cir. Writ Application, 13-KH-280, 4/1/13 (dated 3/27/13).

prison and because the facts surrounding his claims previously were not known to him or his attorney.[17]

The Louisiana Fifth Circuit rejected these excuses for his untimeliness and denied the application finding no error in the trial court's procedural ruling under La. Code Crim. P. art. 930.8 on May 1, 2013.[18]   The court also rejected his request for reconsideration.[19]

The Louisiana Supreme Court denied Moran's related writ application on January 17, 2014, citing La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So. 2d 1189 (La. 1995).[20]

---

[17]St. Rec. Vol. 3 of 3, 5th Cir. Writ Application, 13-KH-280, 4/1/13 (dated 3/27/13).

[18]St. Rec. Vol. 1 of 3, 5th Cir. Order, 13-KH-280, 5/1/13.

[19]St. Rec. Vol. 3 of 3, 5th Cir. Order, 13-KH-280, 5/29/13; Motion for Rehearing, 13-KH-280, postmarked 5/10/13.

[20]State ex rel. Moran v. State, 130 So. 3d 943 (La. 2014); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2013-KH-1614, 1/17/14; La. S. Ct. Writ Application, 13-KH-1614, 7/9/13.  In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness.

II.   FEDERAL HABEAS PETITION

On April 30, 2014, the clerk of the United States District Court for the Western District of Louisiana filed Moran's petition for federal habeas corpus relief in which he asserts the following grounds for relief:[21] (1) Trial counsel was ineffective because she failed to investigate, interview witnesses, file pretrial motions and communicate with petitioner during pretrial proceedings. (2) His guilty plea is invalid because trial counsel improperly advised him to plead guilty without investigating the circumstances of the case. (3) He was precluded from timely filing his application for post-conviction relief because he did not have meaningful access to the prison law library. (4) Appellate counsel was ineffective for failure to assert the ineffective assistance of trial counsel claim on direct appeal.  In his supporting memorandum, Moran also asserts that the twenty-five (25) year sentence was excessive and that he was encouraged by counsel to accept the sentence without her first conducting a proper pretrial investigation.[22]  He also contends that the state trial court erred in denying his application for post-conviction relief, since he showed cause and prejudice for his procedural default and asserted a

---

[21]Rec. Doc. No. 1, pp. 5, 7, 8.

[22]Rec. Doc. No. 1-1, pp. 10-12.  The petition was transferred to this Court on May 20, 2014.  Rec. Doc. Nos. 3, 4.

substantial claim of ineffective assistance of counsel.  He further requests that the federal court address his claims based on a showing of cause and prejudice for his procedural default.

The State filed a response in opposition to Moran's petition arguing that the petition was untimely filed and that the claims are unexhausted and in procedural default.[23]

In his reply to the State's opposition, Moran argues that his untimely state filing and procedural default should be excused based on his limited access to a law library.[24] He also claims that he presented all of his arguments to the Louisiana Supreme Court. In addition, he argues that the United States Supreme Court's holdings in Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012) and Trevino v. Thaler, __ U.S. __, 133 S. Ct. 1911 (2013), provide a basis to excuse his failure to assert his ineffective assistance of counsel claim in a timely manner.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[23]Rec. Doc. No. 14.

[24]Rec. Doc. No. 17.

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[25] and

applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).   The AEDPA therefore

applies to Moran's petition, which, for reasons discussed below, is deemed filed in a

federal court on April 28, 2014.[26]

The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether petitioner's claims were adjudicated on the merits in

state court; i.e., the petitioner must have exhausted state court remedies and must not be

in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir.

1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Moran's federal petition is not timely filed, that several of

his claims are unexhausted, and that the unexhausted claims are now in procedural

default.  The record before this court clearly reflects that Moran has both failed to

---

[25]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[26]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Moran's petition was filed by the clerk of the Western District on April 30, 2014.  Moran dated his signature on the petition on April 28, 2014.  This is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing.

exhaust state court remedies as to some of his claims and that his federal petition was <u>not</u> timely filed.

IV.    <u>EXHAUSTION OF STATE COURT REMEDIES</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982)); <u>accord</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Nobles</u>, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims."  <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court."  <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim). When ineffective assistance of counsel is raised in the state courts, the claim is not exhausted where the petitioner did not raise or mention the same basis in the state court proceedings that are asserted in a federal petition. See Ogan v. Cockrell, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); Burns v. Estelle, 695 F.2d 847, 849-50 (5th Cir. 1983) (factual bases underlying the ineffective assistance of counsel claim were "significantly different" from those raised in state court, and therefore, were not exhausted).

To have exhausted claims in state court, Moran must have fairly presented the same claims and legal theories urged in his federal habeas petition to each level of the

state courts through to the Louisiana Supreme Court in a procedurally proper manner, either on direct appeal or on post-conviction review.[27]   Moran, however, did not assert in any state court his claim that his sentence was excessive, either as an independent claim or as part of his ineffective assistance of counsel arguments.   He also has not exhausted in the state courts ineffective assistance of appellate counsel or that his trial counsel was ineffective for failure to file pretrial motions.   These claims presented in this court have <u>not</u> been exhausted.

The record discloses no good cause for Moran's failure to exhaust these claims, and this court can find none from its review of the record.   <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust).   Without good cause, dismissal of the petition without prejudice to require Moran to exhaust available state court remedies would be appropriate.[28]   <u>Pliler v. Ford</u>,

_____

[27]The Louisiana law allows a defendant to appeal his conviction to the appropriate appellate court and then seek review of that court's ruling in the Louisiana Supreme Court.  La. Code Crim. P. arts. 912.1, 922; La. S. Ct. Rule X§5.  The post-conviction process in Louisiana requires presentation of appropriate claims on the appropriate form in the state trial court.  La. Code Crim. P. art. 925 et seq. Review of the trial court's ruling may be sought in the appellate court and Louisiana Supreme Court by writ of review.  La. Code Crim. P. art. 930.6; La. S. Ct. Rule X§5; La. App. Rule 4-1 et seq.

[28]I also note that Moran would not be entitled to a stay of these proceedings should one be requested as there has been no showing of good cause to provide that extraordinary relief.  The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner.  *Rhines*, 544 U.S. at 278.  The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in <u>limited</u> circumstances," (emphasis added), and is appropriate <u>only</u> when the district court determines that there was "good cause" for the failure to complete exhaustion of a mixed petition.  *Id.*, at 277; *see also*, *Pliler*, 543 U.S. at 233.  Based on this record, no stay is warranted.

542 U.S. 225, 233 (2004) (quoting <u>Rose</u>, 455 U.S. at 510); <u>Whitehead</u>, 157 F.3d at 387.

However, it is clear, as the State has urged, that Moran's federal petition was <u>not</u> timely

filed.  Thus, the petition should be dismissed with prejudice for that reason, rendering

further state court proceedings to exhaust the claims useless and unnecessary.

V.     <u>STATUTE OF LIMITATIONS</u>

       The AEDPA requires a petitioner to bring his Section 2254 petition in most cases

within one year of the date his conviction became final.[29]  <u>Duncan v. Walker</u>, 533 U.S.

167, 179-80 (2001).  Moran's conviction became final on December 12, 2008, when he

did not file a writ application with the Louisiana Supreme Court after his direct appeal.

Therefore, under a literal application of the statute, Moran had one year from that date,

---

[29]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

or until Monday, December 14, 2009,[30] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

In his reply memorandum, Moran suggests that his inability to access legal materials at the prison should be considered cause for his failure to properly present his claims to the state courts. This excuse is not an acceptable reason to support equitable tolling.

---

[30]The last day of the period fell on Saturday, December 12, 2009, moving the deadline to the next business day. La. Code Crim. P. art. 13 (weekends not included in a period if it would be the last day).

The United States Fifth Circuit Court of Appeals has long held that "mere ignorance of the law or of statutes of limitation is insufficient to warrant tolling." Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000).  The Fifth Circuit has also recognized that the inadequacies of a prison law library system do not amount to extraordinary circumstances which would warrant equitable tolling under the AEDPA.  Felder, 204 F.3d at 168.  Thus, Moran is not entitled to equitable tolling as a result of allegedly insufficient law library access in the prison.

Moran has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled.  The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent.  See Holland, 130 S. Ct. at 2574-75 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he

persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.

15

Flanagan, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision

as a tolling statute.  Duncan, 533 U.S. at 175-178.

      The decisions of the Fifth Circuit and other federal courts have held that because

this statute is a tolling provision, the time during which state court post-conviction

proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed
> state habeas application is pending must be excluded when calculating the
> one[-]year period.  Under the plain language of the statute, any time that
> passed between the time that [petitioner's] conviction became final and the
> time that his state application for habeas corpus was properly filed must be
> counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL

609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F.

Supp.2d 771, 771-72 (D. Md. 1998).

      For a post-conviction application to be considered "properly filed" within the

meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable

procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544

U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is]

the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303,

306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.

1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness

consideration in Louisiana, for purposes of the AEDPA, requires application of a prison

mailbox rule to state pleadings filed by a prisoner.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).  Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation.

Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA statute of limitations period began to run in Moran's case on December 13, 2008, the day after his conviction was final under the AEDPA.  The period ran uninterrupted for 365 days, until Monday, December 15, 2009, when it expired.  Moran had no properly filed state application for post-conviction relief or other collateral review of any kind pending during that period.  His first application for post-conviction relief was not submitted to the state trial court for filing until more than two years later, on January 20, 2011.  This application, filed after expiration of the AEDPA one-year filing period, provides no tolling benefit under the statute.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

In his reply to the State's opposition, Moran suggests that the Supreme Court's opinions in <u>Martinez</u> and <u>Trevino</u> require this court to overlook his procedural default and consider his claims.  His argument is misplaced.

In <u>Martinez</u>, the Supreme Court held that a <u>state imposed</u> "'<u>procedural default</u> will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  <u>Trevino</u>, 133 S. Ct. at 1912 (quoting <u>Martinez</u>, 132 S. Ct. at 1320) (emphasis added).  The default at issue before me is not the <u>state</u> imposed procedural bar to his claims.  Instead, the bar here is Moran's failure to meet the <u>federal</u> limitations requirements under the AEDPA.  As noted above, Moran had one year under federal law to file his petition in a federal court, and he has failed to do so.  The <u>Martinez</u> and <u>Trevino</u> decisions do not address or provide an excuse for the untimely filing of a federal habeas petition.  <u>See</u>, <u>Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); <u>Smith v. Rogers</u>, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); <u>Falls v. Cain</u>, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).

In addition, <u>Martinez</u> and <u>Trevino</u> do <u>not</u> constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA.  <u>See</u> <u>In re Paredes</u>, __ F. App'x __, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either <u>Martinez</u> or <u>Trevino</u> retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); <u>Adams v. Thaler</u>, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Moran has not established that <u>Martinez</u> or <u>Trevino</u> apply or offer him any equitable or statutory relief from his untimely filing under the AEDPA.

Moran's federal petition is deemed filed in a federal court on April 28, 2014, which was more than four years after the AEDPA's one-year statute of limitations expired on December 14, 2009.  Moran's federal petition was not timely filed and must be dismissed with prejudice for that reason.  Alternatively, should a reviewing court find grounds to extend the AEDPA limitations period in this case, which I do not, Moran's petition should be dismissed without prejudice for failure to exhaust state court remedies.

## **<u>RECOMMENDATION</u>**

For the foregoing reasons, it is **RECOMMENDED** that Moran's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.  Alternatively, the petition may be dismissed without prejudice for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[31]

New Orleans, Louisiana, this ____14th____ day of November, 2014.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[31]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.