# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**QUINTEN M. MORAN**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 14-1210**

**TIMMY DUCOTE**                                        **SECTION "G"(2)**

## ORDER AND REASONS

Before the Court are Petitioner Quinten M. Moran's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated in the Claiborne Parish Detention Center in Homer, Louisiana, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 asserting, *inter alia*, that his trial and appellate counsel were ineffective and that he was precluded from timely filing his application for post-conviction relief because he did not have meaningful access to the prison law library.[3] The Magistrate Judge recommended that Petitioner's claims be dismissed as time-barred, or alternatively, for failure to exhaust state court remedies.[4] Petitioner objects to the Magistrate's recommendation.[5] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss the petition with prejudice.

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 18.

[3] Rec. Doc. 1.

[4] Rec. Doc. 18.

[5] Rec. Doc. 20.

# I. Background

## A. Factual Background

On October 4, 2007, the District Attorney for Jefferson Parish charged Petitioner by bill of information with one count of armed robbery and one count of attempted armed robbery.[6] On February 1, 2008, Petitioner pleaded guilty to both counts and was sentenced to 25 years in prison at hard labor without the benefit of parole, probation, or suspension of sentence.[7]

Petitioner timely filed a motion for an appeal,[8] which the trial court granted on February 21, 2008.[9] On November 12, 2008, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[10] Petitioner's conviction became final 30 days later when he did not seek rehearing before the Louisiana Fifth Circuit Court of Appeal or review before the Louisiana Supreme Court.[11]

More than two years later, on January 20, 2011, Petitioner filed a "Motion to Correct an Invalid Conviction and Sentence" in the state trial court.[12]  On February 1, 2011, the state trial court construed the motion as an application for post-conviction relief and denied the motion as untimely.[13] On March 19, 2011, Petitioner filed a notice of his intent to seek review of this ruling.[14]

---

[6] State Rec., Vol. I of III, Bill of Information, October 4, 2007.

[7] State Rec., Vol. I of III, Plea Minutes, February 1, 2008; Plea Transcript, February 1, 2008; and Defendant's Acknowledgement, February 1, 2008.

[8] State Rec., Vol. I of III, Motion for Appeal, February 5, 2008.

[9] State Rec., Vol. I of III, Order on Motion for Appeal, February 21, 2008.

[10] *State v. Moran*, No. 08-KA-462 (La. App. 5 Cir. 11/12/08); State Rec., Vol. II of III, Order on Appeal, November 12, 2008.

[11] *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

[12] State Rec., Vol. I of III, Motion to Correct an Invalid Conviction and Sentence, January 20, 2011.

[13] State Rec., Vol, I of III, Trial Court Order, February 1, 2011.

[14] State Rec., Vol. I of III, "Notice of Intent to Seek Writs," March 19, 2011.

However, it appears from the state record that Petitioner never submitted a writ application to the Louisiana Fifth Circuit Court of Appeal.

Petitioner subsequently filed an application for post-conviction relief with the state trial court on December 4, 2012.[15] On January 30, 2013, the state trial court denied Petitioner's application as untimely pursuant to Louisiana Code of Criminal Procedure article 930.8.[16] Petitioner sought a supervisory writ before the Louisiana Fifth Circuit Court of Appeal on March 27, 2013,[17] which was denied on May 1, 2013.[18] Petitioner requested rehearing before the Louisiana Fifth Circuit, which was denied on May 29, 2013.[19] On July 9, 2013, Petitioner filed a writ application before the Louisiana Supreme Court.[20] The Louisiana Supreme Court denied Petitioner's writ application on January 17, 2014, citing Article 930.8 of the Louisiana Code of Criminal Procedure.[21]

Petitioner filed this federal *habeas* petition on April 30, 2014.[22] Petitioner argues that his trial counsel's performance was ineffective because: (1) she failed "to file and pursue pertinent pretrial motions;"[23] (2) she failed to investigate the facts and circumstances of the case;[24] (3) she failed to interview potential witnesses;[25] and (4) she failed to maintain adequate communication

---

[15] State Rec., Vol. I of III, Uniform Application for Post-Conviction Relief, December 4, 2012.

[16] State Rec., Vol. I of III, Trial Court Order on Application for Post-Conviction Relief, January 30, 2013.

[17] State Rec., Vol. I of III, Application for Writ of Supervisory Review, March 27, 2013.

[18] *State v. Moran*, 13-280 (La. App. 5 Cir. 5/1/13); State Rec., Vol, I of III, Order, May 1, 2013.

[19] State Rec., Vol. III of III, Order Denying Motion for Rehearing, May 29, 2013; Motion for Rehearing, May 10, 2013.

[20] State Rec., Vol. III of III, Application for Supervisory Writs, July 9, 2013

[21] *State ex rel. Moran v. State*, 13-1614 (La. 2014); State Rec., Vol. I of III, Order, January 17, 2014.

[22] Rec. Doc. 1; Rec. Doc. 1-1.

[23] Rec. Doc. 1-1 at 12.

[24] *Id.* at 15.

[25] *Id.* at 16.

with him during pretrial proceedings.[26] Based on this alleged ineffectiveness of counsel, Petitioner

contends that his guilty plea was invalid.[27] Petitioner also argues that: (1) he received ineffective

assistance from his appellate counsel because she failed raise Petitioner's ineffective assistance of

counsel claims in his direct appeal;[28] (2) his sentence is unconstitutionally excessive;[29] and (3) the

lack of meaningful access to a law library prevented him from timely applying for post-conviction

relief.[30]

The State filed a response, asserting that the petition is untimely.[31] Alternatively, the State

argues that Petitioner's claims are procedurally defaulted.[32] Petitioner filed a reply brief on August

11, 2014.[33]

**B. Report and Recommendation Findings**

The Magistrate Judge found that the record "clearly reflects that [Petitioner] has both failed

to exhaust state court remedies as to some of his claims and that his federal petition was not timely

filed."[34] The Magistrate Judge noted that "[t]o have exhausted claims in state court, [Petitioner]

must have fairly presented the same claims and legal theories urged in his federal habeas petition

to each level of the state courts through to the Louisiana Supreme Court in a procedurally proper

manner, either on direct appeal or on post-conviction review."[35] The Magistrate Judge determined

---

[26] Rec. Doc. 1 at 5.

[27] *Id.* at 7; Rec. Doc. 1-1 at 16–18.

[28] *Id.* at 20–23.

[29] *Id.* at 23–25.

[30] Rec. Doc. 1 at 8.

[31] Rec. Doc. 14 at 4–9.

[32] *Id.* at 9–15.

[33] Rec. Doc. 17.

[34] Rec. Doc. 18 at 8–9.

[35] *Id.* at 10–11.

that Petitioner failed to exhaust the following claims in state court: (1) his claim that his sentence is excessive; (2) ineffective assistance of appellate counsel; and (3) ineffective assistance of trial counsel for failure to file pretrial motions.[36] The Magistrate Judge found no good cause for Petitioner's failure to exhaust these claims.[37] Accordingly, the Magistrate Judge determined that it would be appropriate to dismiss the petition without prejudice to require Petitioner to exhaust available state court remedies.[38] However, the Magistrate Judge also found that the petition should be dismissed with prejudice because it was not timely filed, "rendering further state court proceedings to exhaust the claims useless and unnecessary." [39]

The Magistrate Judge noted that the Antiterrorism and Effective Death Penalty Act ("AEDPA") typically requires a petitioner to file a *habeas corpus* petition within one year of the date his conviction became final.[40] The Magistrate Judge determined that Petitioner's conviction became final on December 12, 2008, when he did not file a writ application with the Louisiana Supreme Court after his direct appeal.[41] Accordingly, the Magistrate Judge found that Petitioner had until Monday, December 14, 2009, to file his federal habeas corpus petition, unless the statute of limitations was extended through tolling.[42]

The Magistrate Judge noted that the Supreme Court has held that the statute of limitations may be equitably tolled where "the petitioner has pursued his rights diligently and rare or

---

[36] *Id.* at 11.

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.* at 12 (citing 28 U.S.C. § 2244(d)).

[41] *Id.*

[42] *Id.* at 13.

extraordinary circumstances exist which prevented timely filing."[43] The Magistrate Judge found that Petitioner was not entitled to equitable tolling as a result of allegedly insufficient law library access in the prison.[44] Accordingly, the Magistrate Judge determined that Petitioner was not entitled to equitable tolling.[45]

The Magistrate Judge also noted the AEDPA permits tolling of the statute of limitations while a petitioner's application for post-conviction relief is pending in state court.[46] Because Petitioner did not file any claim for post-conviction relief in state court until January 20, 2011, approximately 25 months after his conviction became final, the Magistrate Judge determined that Petitioner was not entitled to statutory tolling.[47]

Finally, the Magistrate Judge found Petitioner's reliance on the United States Supreme Court's decisions in *Martinez v. Ryan* and *Trevino v. Thaler* to be misplaced.[48] The Magistrate Judge noted that in those cases the Supreme Court found that procedural default will not bar a federal habeas court from hearing a claim of ineffective assistance of counsel where in the collateral proceedings in state court there was no counsel or counsel was ineffective.[49] Here, the Magistrate found that the default at issue was not a state imposed procedural bar to Petitioner's claims; instead, the bar was Petitioner's failure to meet the federal limitations requirements under the AEDPA.[50]

---

[43] *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[44] *Id.* at 14 (citing *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)).

[45] *Id.* at 13–15.

[46] *Id.* at 15 (citing 28 U.S.C. § 2244(d)(2)).

[47] *Id.* at 18.

[48] *Id.* at 19.

[49] *Id.* (citing *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012); *Trevino v. Thaler*, 133 S.Ct. 1911, 1912 (2013)).

[50] *Id.*

Accordingly, the Magistrate Judge recommended that the petition be dismissed with prejudice as time-barred.[51] Alternatively, the Magistrate Judge recommended that the petition be dismissed without prejudice for failure to exhaust state court remedies.[52]

## II. Objections

### A. Petitioner's Objection

Petitioner objects to the Magistrate Judge's Report and Recommendation.[53] He argues that he has consistently asserted only two claims in both federal and state court: (1) ineffective assistance of trial counsel; and (2) an invalid guilty plea.[54] According to Petitioner, "he has not asserted new claims to this habeas court, but has only attempted to expand his arguments for purposes of clarity and greater comprehension of his assertions."[55] Therefore, Petitioner contends that the Magistrate erred in finding that he failed to exhaust his state court remedies because the additional arguments were not "new federal claims but an attempt to satisfy the hard standard of 'cause' and 'prejudice' needed" to excuse the untimeliness of his petition.[56]

Petitioner relies on the Supreme Court's holdings in *Martinez v. Ryan* and *Trevino v. Thaler*, which he asserts recognize "a narrow exception to show 'cause' for a federal habeas petitioner's procedural default."[57] Petitioner asserts that he is unaware of any Supreme Court cases barring retroactive application of *Martinez* and *Ryan*.[58] Further, Petitioner contends that his

---

[51] *Id.* at 20.

[52] *Id.*

[53] Rec. Doc. 20.

[54] *Id.* at 1.

[55] *Id.* at 2.

[56] *Id.* at 1–2.

[57] *Id.* at 3 (citing *Martinez*, 132 S.Ct. at 1303; *Trevino*, 133 S.Ct. at 1911).

[58] *Id.* at 5.

inability to access legal materials in custody prevented him from seeking post-conviction relief.[59]

He avers that given his "lack of access to legal materials in prison, coupled with his lack of the

professional legal skill needed to protect his rights . . . surely Petitioner could not have known of

the grounds to support his claims, and did not know, in a timely fashion, and [he] has exercised

reasonable diligence in asserting his federal claims." [60] Accordingly Petitioner asserts that this

Court should grant his petition or, alternatively, grant him an evidentiary hearing to assess the

merits of his claims.[61]

### B. State's Opposition

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite

receiving electronic notice of the filing.

### III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to

provide a Report and Recommendation. A district judge "may accept, reject, or modify the

recommended disposition" of a magistrate judge on a dispositive matter.[62] A district judge must

"determine *de novo* any part of the [Report and Recommendation] that has been properly objected

to."[63] A district court's review is limited to plain error for parts of the report which are not properly

objected to.[64]

---

[59] *Id.*

[60] *Id.* at 6.

[61] *Id.* at 8.

[62] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[63] Fed. R. Civ. P. 72(b)(3).

[64] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29  (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## IV. Law and Analysis

### A. Applicable Law

The AEDPA establishes a one-year statute of limitations for the filing of *habeas corpus* applications.[65] The statute of limitations provision of the AEDPA provides that the limitation shall run from the latest of:

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[66]

The Magistrate Judge found the limitation period established in Subsection A applicable here—one year from the date on which the judgment became final. However, because Petitioner asserts that he was precluded from timely filing his application for post-conviction relief because he did not have meaningful access to the prison law library, the Court finds that Subsection B could also apply.[67] Accordingly, on *de novo* review, this Court will assess the timeliness of the petition under both subsections.

---

[65] 28 U.S.C. § 2244(d).

[66] *Id.*

[67] *See Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003) ("Accordingly, a state's failure to provide the materials necessary to prisoners to challenged their convictions or confinement, in this case a copy of the very statute that is being used to render Egerton's petition time-barred, constitutes an "impediment" for purposes of invoking [the AEDPA].").

**B. Analysis**

**1. One Year from the Date on which Petitioner's Conviction Became Final**

With respect to finality of a conviction, the United States Fifth Circuit Court of Appeals has explained:

> When a *habeas* petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. However, if the defendant stops the appeal process before that point . . . the conviction becomes final when the time for seeking further direct review in the state court expires.
>
> Although federal, not state, law determines when a judgment is final for federal *habeas* purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. Louisiana Supreme Court Rule X, § 5(a) states that an application to review a judgment of the court of appeal either after an appeal to that court . . . or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.[68]

Here, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence on November 12, 2008.[69] Petitioner's conviction became final 30 days later, on December 12, 2008, when he failed to move for rehearing before the Louisiana Fifth Circuit Court of Appeal or submit a writ application to the Louisiana Supreme Court. Therefore, absent tolling or the applicability of a different limitations provision, Petitioner had until Monday, December 14, 2009 to file for federal *habeas* review.

28 U.S.C. § 2244(d)(2) provides for statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ."[70] "[A]n application is 'properly filed' when its

---

[68] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008)  (internal citations and quotation marks omitted).

[69] *State v. Moran*, No. 08-KA-462 (La. App. 5 Cir. 11/12/08); State Rec., Vol. II of III, Order on Appeal, November 12, 2008.

[70] 28 U.S.C. § 2244(d)(2).

delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."[71] Here, Petitioner did not file a petition for post-conviction relief in state court until January 20, 2011, after the expiration of the AEDPA one-year filing period. A state post-conviction relief application filed after expiration of the AEDPA filing period provides no tolling benefit under the statute.[72] Accordingly, the Court finds that Petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

The United States Supreme Court has expressly held that the AEDPA's limitation period is also subject to equitable tolling.[73] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."[74] A petitioner bears the burden of proof to establish entitlement to equitable tolling, and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[75]

Petitioner argues that he was prevented from filing for post-conviction relief because he was not given adequate access to legal materials in prison.[76] The Fifth Circuit has held that factors such as a "ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling."[77] Here, the Court finds that Petitioner

---

[71] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal citations omitted).

[72] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

[73] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[74] *Id.* at 649 (internal citations and quotation marks omitted).

[75] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (internal citations and quotation marks omitted).

[76] Rec. Doc. 1 at 8.

[77] *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (citing *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000)).

has not shown that rare and exceptional circumstances prevented him from filing his petition within the limitations period. Accordingly, the Court finds that Petitioner is not entitled to equitable tolling, and his petition is untimely under Subsection A because it was not filed within one year of his conviction becoming final.

### 2.   One Year from the Date on which the Impediment to Filing was Removed

As noted above, a second method for calculating the statute of limitations period is from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions."[78] In *Egerton v. Cockrell*, the United States Court of Appeals for the Fifth Circuit recognized that "[i]n order to invoke § 2244(d)(1)(B) the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."[79] There, a prisoner was denied all access to a law library for several months, and was then transferred to a facility whose law library did not include a copy of the AEDPA.[80] The Fifth Circuit found that the "state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render the petition time-barred, constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)."[81]

In *Krause v. Thaler*, the Fifth Circuit found that the petitioner was not entitled to tolling pursuant to § 2244(d)(1)(B) because he failed to show that the state-created impediment "actually *prevented* him from timely filing his habeas petition."[82] The Fifth Circuit reasoned that in order to

---

[78] 28 U.S.C. § 2244(d)(1)(B).

[79] 334 F.3d 433, 436 (5th Cir. 2003).

[80] *Id.* at 435.

[81] *Id.* at 438–39.

[82] 637 F.3d 558, 561–62 (5th Cir. 2011) (emphasis in original).

prevail, a petitioner "must allege more than that the library was inadequate."[83] Quoting the Supreme Court, the Fifth Circuit noted:

> [A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense . . . The inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.[84]

In *Krause*, the petitioner alleged that he was housed in a transfer facility beginning in October 2007, which he asserted had an inadequate library.[85] However, the Fifth Circuit noted that "[f]or almost two years following his conviction, [the petitioner] was housed in other facilities which he [did] not claim had inadequate legal facilities."[86] Therefore, the court found that the case "differ[ed] materially from *Egerton*, in which the prisoner alleged that he did not have any access to legal materials until after his AEDPA's statute of limitations had expired."[87] Further, the court noted that the transfer facility had a law librarian who attempted to get books on loan from other facilities.[88] Given these circumstances, the Fifth Circuit held:

> [The petitioner] ha[d] made no attempt to explain why [the state's] measures were inadequate . . . . More importantly, he has not shown how this course of events constitutes state action (or even inaction) *preventing* him from filing . . . . Because [the petitioner] makes no attempt to explain how the transfer facility's alleged deficiencies caused him to untimely file his habeas petition, his claim amounts to little more than an incognizable complaint that his prison lacked an adequate library.[89]

---

[83] *Id.* at 561.

[84] *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

[85] *Id.* at 562.

[86] *Id.*

[87] *Id.* (citing *Egerton*, 334 F.3d at 435).

[88] *Id.*

[89] *Id.* at 562.

Therefore, the Fifth Circuit affirmed the district court's dismissal of the petitioner's *habeas* claim as untimely.[90]

In the instant case, Petitioner contends he "was precluded from timely filing for post-conviction relief due to prison officials denying Petitioner a meaningful opportunity to access the prison's law library."[91] Petitioner asserts that he faced difficulties in pursuing his claims on account of "the detention center's refusal to allow him to use the inmate law library and the lack of assistance from trained persons in the law."[92] Petitioner also notes that "[he] has had to—and continuously does—rely on the legal materials of other inmates (most of which are outdated)."[93]

A review of the state court pleadings reveals additional facts about Petitioner's access to the law library. Petitioner claimed he was "housed at an institution that has an inadequate law library. . . and is limited to its access at a rate of (1)-day per week."[94] He commented that his "difficulties accessing the prison's legal resources" began after the facility's warden passed away in 2009.[95] Petitioner further alleged:

> In order to access [legal] resources, Petitioner must be transported to another facility on the grounds . . . [and] the prison guards repeatedly denied his requests to go to the law library, sometimes stating it was due to inadequate staffing, sometimes being due to lack of adequate transportation, and sometimes being due to nothing more than prison guards' indifference to Petitioner's legal needs, and laziness.[96]

Finally, Petitioner alleged that the prison's law library did not "provide for federal case law." [97]

---

[90] *Id.* at 559.

[91] Rec. Doc. 1 at 8.

[92] Rec. Doc. 17 at 5.

[93] *Id.*

[94] State Rec., Vol. III of III, Motion for Time Extension, February 24, 2013.

[95] State Rec., Vol. I of III, Application for Writ of Supervisory Review, at p. 4, March 21, 2013.

[96] State Rec., Vol. III of III, Application for Supervisory Writs, at p. 12, July 19, 2013.

[97] *Id.* at 13.

Given these facts, the Court finds that Petitioner has admitted to having some, albeit limited, access to his prison law library. These facts are distinguishable from *Egerton*, where the petitioner alleged that he was denied all access to legal materials, and did not have access to a copy of the AEDPA. Petitioner has not shown how this course of events constitutes state action (or even inaction) preventing him from filing his petition.[98] Petitioner alleges that he did not have access to federal case law, but he cites federal cases in his briefing to this Court. Further, Petitioner does not allege that he did not have access to the AEDPA or that he was unaware of the AEDPA limitations period. Accordingly, the Court finds Petitioner has not shown that State action prevented him from timely filing his *habeas* petition, and he is not entitled to tolling pursuant to 28 U.S.C. § 2244(d)(1)(B).

Moreover, even assuming that a state impediment prevented Petitioner from filing his application in 2009 after the death of the warden, the Court notes that Petitioner filed his "Motion to Correct an Invalid Conviction and Sentence" in the state trial court on January 20, 2011,[99] which the trial court construed as a post-conviction relief application and denied on February 1, 2011.[100] Petitioner filed a notice of his intent to seek review of the state trial court's ruling on March 19, 2011,[101] but he never submitted a writ application to the Louisiana Fifth Circuit Court of Appeal. Petitioner then waited 22 months before filing a second application for post-conviction relief in the state trial court on December 4, 2012.[102] Clearly any impediment to Petitioner's ability to file court pleadings was removed in 2011, when he filed his first application in state court. Nonetheless,

---

[98] *Krause*, 637 F.3d at 562; *Egerton*, 334 F.3d at 438-39.

[99] State Rec., Vol. I of III, Motion to Correct an Invalid Conviction and Sentence, January 20, 2011.

[100] State Rec., Vol, I of III, Trial Court Order, February 1, 2011.

[101] State Rec., Vol. I of III, "Notice of Intent to Seek Writs," March 19, 2011.

[102] State Rec., Vol. I of III, Uniform Application for Post-Conviction Relief, December 4, 2012.

Petitioner waited an additional 22 months before filing his second application for post-conviction relief in state court. Therefore, even if Petitioner were entitled to tolling pursuant to 28 U.S.C. § 2244(d)(1)(B), his application would still be untimely because he did not file his federal application within one year of the impediment to filing being removed. Accordingly, on *de novo* review, the Court finds that the petition is untimely and must be dismissed with prejudice.[103]

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Quinten M. Moran's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this _30th_ day of December, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[103] In its briefing to the Court, the State also argued that Petitioner's claims were procedurally defaulted. Rec. Doc. 14 at 10–15. Under the procedural default doctrine, where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999) (internal citations omitted). Much of Petitioner's briefing addresses how the Supreme Court's recent holdings in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911, 1921 (2013), establish cause for his procedural default. *See* Rec. Doc. 20. However, the Court need not reach these issues because it finds that the petition is untimely. Moreover, the Court need not reach the Magistrate Judge's alternative finding that Petitioner failed to exhaust his state court remedies.